TAYLOR et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1916.)

No. 2767.

1. PUBLIC LANDS ☞38—DISPOSAL BY UNITED STATES—CONDITIONS—VALIDITY.
   The government had the right to impose as a condition of the purchase of its timber and stone lands that the intending purchaser should, at the time he made his application, have the intention to appropriate the land to his own use and benefit; and it did impose such condition by Comp. St. 1913, § 4672, providing that the applicant to purchase such lands shall make a verified written statement that he does not apply to purchase the same on speculation, but in good faith to appropriate to his own exclusive use and benefit, and that, if any person shall swear falsely in the premises, he shall forfeit the money paid for the lands and all right thereto.

   [Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 82; Dec. Dig. ☞38.]

2. PUBLIC LANDS ☞38—DISPOSAL BY UNITED STATES—TIMBER AND STONE LANDS—SPECULATIVE PURPOSE.
   A purchase of timber and stone lands, made with no intention on the part of the purchaser to himself use the land, or any of it, or to hold it any longer than may be required to realize an expected or hoped-for profit from resale, is a purchase for speculation, contrary to Comp. St. 1913, § 4672, and entitles the government to have canceled the patent and the deed given by the patentee.

   [Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 82; Dec. Dig. ☞38.]

Appeal from the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Suit by the United States against James F. Taylor and others to cancel a patent and deed. Decree for the United States, and defendants appeal. Affirmed.

E. H. Randolph, of Shreveport, La., for appellants.

George Whitfield Jack, U. S. Atty., and Robert A. Hunter, Asst. U. S. Atty., both of Shreveport, La.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree canceling a patent issued to the appellant Taylor under the Timber and Stone Act, and annulling a deed made by him to the land described in the patent. In making his application for the purchase of the land,

Taylor made the verified written statement required of the applicant by the statute mentioned (U. S. Comp. Stat. 1913, § 4672), containing, with the other averments required, the averments:

"That he does not apply to purchase the same on speculation, but in good faith to appropriate to his own exclusive use and benefit; and that he has not, directly or indirectly, made any agreement or contract, in any way or manner, with any person or persons whatsoever, by which the title he might acquire from the government of the United States should inure, in whole or in part, to the benefit of any person except himself."

The same section of the statute provides that:

"If any person taking such oath shall swear falsely in the premises, he shall be subject to all the pains and penalties of perjury, and shall forfeit the money which he may have paid for said lands, and all right and title to the same; and any grant or conveyance which he may have made, except in the hands of bona fide purchasers, shall be null and void."

The falsity of each of the above-quoted statements was charged. There was evidence, direct and circumstantial, tending to prove the falsity of each of those statements; but, as the evidence of the falsity of the last-quoted statement is less convincing and satisfactory than that showing the falsity of the first-quoted statement, we prefer to rest our conclusion on the latter evidence.

[1] The language of the statute negatives the conclusion that it confers the right to buy the kind of public land it specifies upon one who, when he makes his application, has the purpose of acquiring the land on speculation, and with no intention of appropriating it to his own exclusive use and benefit. The government has the right to grant or withhold the privilege of purchasing the described kind of public land, according as the intending purchaser does or does not have, at the time he makes his application, the intention of appropriating the land applied for to his own exclusive use. The statute shows an unequivocal exercise of this right.

[2] The distinction between a purchase on speculation and a purchase for the purchaser's own exclusive use and benefit is not an obscure or unfamiliar one. The circumstances of a given purchase may be such that it may not with confidence be assigned to either of these two categories. But we are not of opinion that it is fairly open to question that a purchase of such land as the statute mentions, which is made with no intention on the part of the purchaser of himself using the land or anything on it, or of holding it any longer than may be required for the realization of an expected or hoped-for profit on a resale of it, is a purchase on speculation within the meaning of the statute, and is forbidden. And we are of opinion that the evidence in the case fully warranted the conclusions that Taylor's purchase was such a one, and that it was not made to appear that his vendee was a bona fide purchaser.

In this state of the evidence, the decree appealed from was proper; and it is affirmed.